**Thedford Charles SYPHO, Petitioner–Appellant,**

v.

**Rosie B. GARCIA, Warden, et al., Respondents–Appellees.**

No. 01–55855.

D.C. No. CV–98–01719–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Thedford Charles Sypho, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition, challenging his convictions for sale of marijuana and possession of marijuana for sale. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Bean v. Calderon*, 163 F.3d 1073, 1077 (9th Cir.1998), and we affirm.

First, Sypho contends he received ineffective assistance of counsel because counsel failed to investigate, made highly prejudicial and inflammatory remarks, failed to impeach a witness, and failed to present jury instructions. A review of the record shows that counsel conducted a reasonable investigation based on information he had prior to trial. *See Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the remarks that counsel made were not prejudicial nor inflammatory when read in context; instead, they were a strategic part of his defense theory. *See id.* Furthermore, not only was the failure to impeach the witness a tactical decision, but Sypho fails to demonstrate a reasonable probability that the result would have been different. *See id.* Finally, Sypho cannot demonstrate how counsel's failure to present jury instructions was prejudicial when Sypho identifies no jury instruction that counsel should have presented. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) (stating that habeas relief is not warranted based on conclusory allegations). Accordingly, the district court did not err in rejecting Sypho's ineffective assistance of counsel claim.

Second, Sypho contends that the police and prosecutor committed misconduct by presenting false evidence, failing to disclose exculpatory evidence, and vouching for a witness' credibility. Sypho points to several inconsistencies between the testimonies of two government witnesses. Sypho fails to show that either testimony was false, material, or that the prosecution knew or should have known that the testimony was false. *See Napue v. Illinois*, 360 U.S. 264, 269–71, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *see also United States v. Sherlock*, 962 F.2d 1349, 1364 (9th Cir.1989) (presenting contradictory testimony is not improper).

Sypho also argues that the State failed to disclose exculpatory evidence about a possible witness around the scene of the crime, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The record shows, however, that Sypho was aware of this information at trial. He has not identified any withheld evidence that would have been material and favorable to his defense. *See United States v. Agurs*, 427 U.S. 97, 109–10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (stating that undisclosed information that is only possibly helpful does not establish "materiality" requirement). Accordingly, there was no *Brady* violation.

Furthermore, a review of the record shows that the prosecutor did not vouch for a witness since the prosecutor's comments were not the result of personal assurance or based on information outside of the evidence. *See, e.g., Duckett v. Godinez*, 67 F.3d 734, 742 (9th Cir.1995) (recognizing that the prosecution's assertions regarding believability of witnesses were not representations of his personal opinion,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

but permissible inferences drawn from the evidence).

Finally, Sypho contends that the trial court erred by permitting prosecutorial misconduct and ineffective assistance of counsel, as well as allowing certain evidence to be admitted. These conclusory allegations are unsupported and do not warrant habeas relief. *See James,* 24 F.3d at 26.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.